**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL**<br>934 North Main Street<br>Sheridan, WY 82801 | Case No. 1:15-cv-01684 |
| **MONTANA ENVIRONMENTAL INFORMATION CENTER**<br>107 W. Lawrence Street<br>Helena, MT 59601 | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **GRAND CANYON TRUST**<br>2601 N. Fort Valley Road<br>Flagstaff, AZ 86001 | |
| **SAN JUAN CITIZENS ALLIANCE**<br>1309 East 3rd Avenue, Suite 5<br>Durango, CO 81302 | |
| **WILDERNESS WORKSHOP**<br>Third Street Center, Suite 27<br>520 S. 3rd St.<br>Carbondale, CO 81623 | |
| **CITIZENS FOR A HEALTHY COMMUNITY**<br>130 Grand Avenue<br>Paonia, CO 81428 | |
|       Plaintiffs, | |
|   vs. | |
| **UNITED STATES BUREAU OF LAND MANAGEMENT**<br>1849 C Street NW, Rm. 5665<br>Washington DC 20240 | |
|       Defendant. | |

COMPLAINT

## INTRODUCTION

**1.**     The Defendant United States Bureau of Land Management has violated the Freedom of

Information Act, 5 U.S.C. § 552 (FOIA), by failing to make a determination on a request for

documents filed with the agency by Plaintiffs. This lawsuit requests an order declaring that the

BLM has violated FOIA, and that enjoins the agency to immediately provide a determination on

Plaintiffs' request and to provide Plaintiffs with the documents it has requested.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

**2.**     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

U.S.C. § 1331 because this action arises under FOIA.

**3.**     Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B) & 703, and 28 U.S.C. § 1391.

**4.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**5.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**6.**     Plaintiff POWDER RIVER BASIN RESOURCE COUNCIL is a nonprofit organization

founded in 1973 and located in Sheridan, Wyoming. Powder River Basin Resource Council has

approximately 1,000 landowner and citizen members in Wyoming dedicated to the stewardship

of Wyoming's water, air, land and wildlife resources. Powder River Basin Resource Council's

many agricultural members ranch and derive a livelihood from the land, many above federal split

estate minerals managed by the BLM. Others live in, use, and enjoy the communities and

landscapes affected by BLM actions. Powder River Basin Resource Council's mission includes

the preservation and enrichment of Wyoming's agricultural heritage and rural lifestyle, the

conservation of Wyoming's unique land, mineral, water and clean air resources consistent with

responsible use of those resources to sustain the livelihood of present and future generations, as

well as the education and empowerment of Wyoming's citizens to raise a coherent voice in the

COMPLAINT

decisions that will impact their environment and lifestyle. The records sought in this action are requested in support of these efforts.

7.     Plaintiff GRAND CANYON TRUST is a non-profit corporation headquartered in Flagstaff, Arizona, with over 4,000 members. The mission of the Grand Canyon Trust is to protect and restore the Colorado Plateau – its spectacular landscapes, flowing rivers, clean air, diversity of plants and animals, and areas of beauty and solitude. One of the Trust's goals is to ensure that the Colorado Plateau is a region characterized by vast open spaces with restored, healthy ecosystems, and habitat for all native fish, animals, and plants. The Trust also seeks to ensure that sources emitting air pollutants comply with federal and state laws. The records sought in this action are requested in support of these efforts.

8.     Plaintiff MONTANA ENVIRONMENTAL INFORMATION CENTER is a nonprofit organization founded in 1973 with approximately 3,000 members throughout the United States and the State of Montana. MEIC is dedicated to the preservation and enhancement of the natural resources and natural environment of Montana and to the gathering and disseminating of information concerning the protection and preservation of the human environment through education of its members and the general public concerning their rights and obligations under local, state, and federal environmental protection laws and regulations. MEIC is also dedicated to assuring that federal officials comply with and fully uphold the laws of the United States that are designed to protect the environment from pollution. The records sought in this action are requested in support of these efforts.

9.     Plaintiff SAN JUAN CITIZENS ALLIANCE is a non-profit organization with over 500 members in the Four Corners region that is actively involved in energy development oversight; advocating for cleaner air quality and better stewardship of our natural systems; promoting reduced energy consumption, energy efficiency and renewable energy; and working for

COMPLAINT

improvements to community health. The records sought in this action are requested in support of these efforts. SJCA members in the Four Corners region live in areas of existing high density energy development and infrastructure.

10.     Plaintiff WILDERNESS WORKSHOP is a non-profit organization based in Carbondale, Colorado. Founded in 1967, WW's mission is to protect and conserve the wilderness and natural resources, including the air quality, of Western Colorado public lands. WW has over 900 members. WW engages in research, education, legal advocacy, and grassroots organizing to protect the ecological integrity of local landscapes and public lands. WW not only defends pristine public lands from new threats, but also helps restore the functional wildness of a landscape fragmented by human activity. The records sought in this action are requested in support of these efforts.

11.     Plaintiff CITIZENS FOR A HEALTHY COMMUNITY is a non-profit, grass-roots organization with about 450 members formed in 2009 for the purpose of protecting people and their environment from irresponsible oil and gas development in the Delta County, Colorado region. CHC's members include organic farmers, ranchers, vineyard and winery owners, sportsmen, realtors, and other concerned citizens impacted by oil and gas development. CHC regularly reviews and comments and oil and gas proposals in its region. The records sought in this action are requested in support of these efforts.

12.     Defendant U.S. BUREAU OF LAND MANAGEMENT is a Federal agency within the United States Department of the Interior. It is in possession and control of the records sought by Plaintiffs, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

COMPLAINT

## FACTS AND LAW

**13.**     On August 20, 2014 and August 22, 2014, Plaintiffs' counsel sent seven Freedom of

Information Act requests to seven BLM field offices in five Western states. Each request was

submitted on behalf of one of the Plaintiff groups. The FOIA requests sought information

pertaining to applications to vent or flare under "Notice to Lessees and Operators of Onshore

Federal and Indian Oil and Gas Leases" ("NTL-4A"). These requests were sent to New Mexico's

Farmington Field Office, Colorado's Uncompahgre Field Office and Colorado River Valley

Field Office, Utah's Vernal Field Office, Wyoming's Buffalo Field Office and Casper Field

Office, and Montana's Miles City Field Office.

**14.**     On September 5, 2014, Plaintiffs' counsel and BLM staff participated in a phone

conference. At BLM's request, Plaintiffs' counsel agreed to re-submit a consolidated and

narrowed request on behalf of all groups to replace the separate requests sent to the field offices.

BLM staff in turn agreed to provide a consolidated response providing information for each of

the field offices.

**15.**     On September 9, 2014, Plaintiffs re-submitted a consolidated and narrowed request to

BLM's Washington Office.

**16.**     On September 11, 2014, the Bureau "acknowledge[d]" Plaintiffs' revised request, stating:

> Your revised request is replacing your initial request and is still logged in under
> control number 2014-00827. . . .
>
> When a FOIA request is received, it is identified as a 'simple,' 'complex,'
> 'normal,' 'expedited,' or 'exceptional/voluminous' request and is placed in one of these
> queues. Each request within each queue is processed in the order it was received. We
> make every effort to process most requests within 20 working days. However, there are
> some exceptions that necessitate a longer processing period than the statutory timeframe,
> see 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).
>
>  Mr. Tisdel we have placed your request in the "exceptional voluminous"
> category. . . .

COMPLAINT

17.     FOIA requires that an agency "shall—[] determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i). If the agency can show "unusual circumstances," this deadline may be extended by no more than "ten working days." 5 U.S.C. § 552(a)(6)(B)(i). Further, the deadline is tolled when an agency makes a "request to the requester for information" until such information is provided by the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II).

18.     Accordingly, assuming that Plaintiffs' requests qualified for the "unusual circumstances" 10-day extension, that the deadline for its first request was further tolled for four days under 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II) (the time between when BLM requested, and Plaintiffs provided, a consolidated and narrowed request), and counting from latest date on which the original requests were sent to field offices, the Bureau was required to make a determination on Plaintiffs' consolidated request by October 10, 2014 at the latest.

19.     On December 9, 2014, Plaintiffs' counsel wrote to BLM inquiring about the status of the request. Plaintiffs' counsel wrote, in part: "As you are aware, our consolidated request was submitted 3 months ago, in response to our teleconference on September 5, 2014 wherein the scope of the request was narrowed. Please provide a date on which you anticipate providing the responsive documents."

20.     The next day, a BLM FOIA Officer, Mr. Witt, responded to Plaintiffs' counsel, requesting a phone call. There was agreement to schedule the call for Friday, December 12, 2014, but Mr. Witt failed to call Plaintiffs' counsel and no conversation occurred.

21.     During the ensuing months, Plaintiffs' counsel left several additional voicemails for Mr. Witt but received no response.

COMPLAINT

22.     On June 19, 2015, Plaintiffs' counsel wrote to BLM again inquiring about the status of

the request. Plaintiffs' counsel wrote, in part:

> It has been over 9 months since our modified request was filed. . . . With multiple phone
> calls, correspondence, and modifying our request, we have been exceedingly reasonable
> and patient with the agency regarding request No. 2014-00827. While we wish to avoid
> an escalation of the agency's failure to respond and communicate, our options and
> continued patience is limited.

23.     Plaintiffs' counsel did not receive a response to this message.

24.     On or about August 6, 2015, Plaintiffs' counsel spoke with Ms. Schumacher, a BLM

FOIA staff member in the Washington Office. Plaintiffs' counsel informed Ms. Schumacher of

his prior attempts to communicate with BLM regarding the subject FOIA request and forwarded

the relevant email correspondence. Plaintiffs' counsel advised Ms. Schumacher that some of the

information requested had become especially time sensitive. Specifically, Plaintiffs' counsel

noted Plaintiffs' need for the memoranda of understanding ("MOUs") or other agreements

between the BLM and the Oil Conservation Division of the identified States that directly or

indirectly relate to implementation of NTL-4A, given the imminent release of BLM's draft

methane waste rule. Plaintiffs' counsel suggested that BLM begin to release responsive

documents on a rolling basis, beginning with these MOUs.

25.     On September 18, 2015, Plaintiffs' counsel wrote to BLM again to inquire about the

status of the request. Plaintiffs' counsel wrote:

> I am writing again, but for the last time, to seek a pathway forward with regard to
> FOIA No. 2014-00827, involving BLM's implementation of NTL-4A. It has been over a
> year since the teleconference of September 5, 2014, where we agreed to consolidate and
> narrow the request, and where BLM agreed that the WO would provide responsive
> information for each of the states and field offices identified therein. During the course of
> this past year, I have sent several letters seeking an update on the processing of this
> request, and have had multiple phone conversations, first with Mr. Witt and more
> recently with Ms. Schumacher. We still have not received any responsive documents.
>
> I have suggested that BLM begin to release responsive documents on a rolling
> basis. In particular, I have requested that the rolling release start with all memoranda of

COMPLAINT

7

understanding ("MOUs") or other agreements between the BLM and the Oil Conservation Division of the State that directly or indirectly relate implementation of NTL-4A. These MOUs are very time sensitive given the imminent release of BLM's draft methane waste rule. It remains our desire to avoid litigation, but if these MOUs are not forthcoming we are left with no other option.

To avoid litigation, please send a letter by **October 2, 2015** confirming BLM's commitment to release the requested MOUs within 30 days. Moreover, please provide dates on which subsequent releases will be made, as well as a date by which the agency anticipates completing the request.

Your prompt attention to this pressing matter is appreciated.

26.     To date, BLM has failed to adequately respond or communicate with Plaintiffs regarding FOIA No. 2014-00827, despite Plaintiffs' repeated attempts to elicit information and prompt action from BLM.

27.     It has been a year since the BLM's October 10, 2014 deadline to respond to Plaintiffs' request. The BLM has not yet issued a determination on Plaintiffs' consolidated request. Nor has the BLM provided any responsive documents. Accordingly, the BLM is in violation of 5 U.S.C. § 552(a)(6)(A)(i).

## CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DECISION DEADLINE VIOLATION

28.     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

29.     Plaintiffs have a statutory right to have Federal Defendant BLM process their FOIA request in compliance with FOIA. Plaintiffs' rights in this regard were violated when the Federal Defendant BLM unlawfully failed to respond to Plaintiffs' request with a determination within the deadline imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

30.     Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

COMPLAINT

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

**1.**     Declare that Defendant violated FOIA by failing to make a timely determination on Plaintiffs' records request;

**2.**     Direct by injunction that Defendant immediately make a determination on Plaintiffs' records request and provide Plaintiffs with the records responsive to their request;

**3.**     Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

**4.**     Grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED October 14th, 2015.

 s/ Laura King
Laura King (MT Bar No. 13574)
(*pro hac vice* application pending)
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 204-4852
king@westernlaw.org

 s/ Matt Kenna
Matt Kenna (D. D.C. Bar # CO0028)
Western Environmental Law Center
679 E. 2nd Ave., Suite 11B
Durango, Colorado 81301
(970) 385-6941
mattkenna@gmail.com

Counsel for Plaintiffs

COMPLAINT